(No. 4179- 

FRED M. GLASS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed. September 19, 1950.*

FRANCIS P. FLYNN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, Fred M. Glass, 63 years of age, was employed as a guard at the State Penitentiary, Joliet, Illinois on March 23, 1947. It was stipulated that the State of Illinois, respondent, and Fred M. Glass, claimant, were on the 23rd day of March, 1947 operating under the Workmen's Compensation Act of the State of Illinois.

The undisputed facts show that while the claimant was in the performance of his duties as a guard at about 10:45 P.M., and while returning from the old quarry to the old prison, and walking along State Highway known as "Woodruff Road", he was struck by an automobile being driven by Miss Hope H. Placensio. As a result of this accident he sustained multiple abrasions of his face, lacerations of his right hand, contusions to his left side, fracture of the 1st, 2nd, 3rd and 4th spinal process of the lumbar spine as well as contusions, abrasions and severe strain of the right leg from the hip to the ankle.

The facts are without dispute that from March 23, 1947, the date of the injury, to May 29, 1947, when claim-

ant returned to work, that he received full salary. It has been held that if the respondent pays wages while a man is off work due to an injury, sustained while in the course of his employment, that it is tantamount to the payment of compensation unless expressly noted to the contrary.

The facts further show that claimant continued in his regular operation from May 29, 1947 up to and including December 16, 1948 when he was struck by an automobile in the City of Joliet, which did not occur out of the course of his employment with the respondent. After said date, he did not return to work, and upon a hearing by the Civil Service Commission of the State of Illinois was discharged from his duties as a guard from the Penitentiary because of his physical condition, and because he was inefficient, lax in performing his duties, guilty of insubordination, and violating the rules and regulations of the institution. The testimony discloses that this decision of the Commission was final, and that claimant was discharged.

There was no medical testimony submitted by claimant as to his physical condition or his ability to work, and the only thing in the record with reference to his condition, was that he had not worked since December 28, 1948.

It is apparent to the Court from the facts of this case, that a jurisdictional question is involved. The Compensation Act provides that a claim for compensation must be filed within one year from the date of the injury, or the date of the last payment of compensation. The Court can reach no other conclusion in this case than that the claim should have been filed not later than May 28, 1948.

The claim not having been filed within the time provided by statute, an award will have to be denied.

47

A claim of William J. Cleary & Co. for stenographic services in the amount of $48.85 is found to be reasonable, and is allowed.

As to the claim of the claimant, an award is denied.

An award in the amount of $48.85 to William J. Cleary & Co. is allowed.

This award is subject to the approval of the Governor as provided in Section 3 of ''An Act concerning the payment of compensation awards to State employees.''